OPINION *Page 2 
{¶ 1} Defendant-appellant Joseph C. Baldwin appeals his sentence in the Knox County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On June 6, 2006, the Knox County Grand Jury indicted Appellant in case number 06CR06-0078, on one count of grand theft of a motor vehicle, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1); and one count of receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51. A warrant was issued for Appellant's arrest on June 23, 2006.
 {¶ 3} Appellant was arrested on August 21, 2007, and held at the Knox County Jail. Bond was set in the amount of $10,000 cash. Appellant entered a plea of not guilty to the charges at his arraignment on August 31, 2007. Appellant was then returned to the Knox County Jail in lieu of posting the bond.
 {¶ 4} On November 19, 2007, Appellant entered a plea of guilty to the charges. The trial court released Appellant on his personal recognizance, and set the matter for sentencing. A sentencing hearing occurred on January 4, 2008, at which Appellant failed to appear. The trial court issued a warrant for Appellant's arrest. Appellant was then rearrested on February 3, 2008, and confined to the Knox County Jail in lieu of bond.
 {¶ 5} On March 3, 2008, the trial court sentenced Appellant to a fifteen month term of imprisonment on the grand theft of a motor vehicle charge and fifteen months on the receiving stolen property charge, to run concurrent for a total of fifteen months in *Page 3 
prison. The trial court credited Appellant with 36 days of jail time along with future days served while awaiting transportation to an appropriate institution.
 {¶ 6} In case number 07CR11-0178, Appellant waived indictment and plead guilty to a bill of information containing three counts of forgery, each a felony of the fifth degree, in violation of R.C. 2913.31(A)(3). Appellant was released on his personal recognizance, and the matter proceeded to a sentencing hearing on January 4, 2008. As stated above relative to case number 06CR06-0078, Appellant failed to appear at the scheduled sentencing hearing. Appellant was arrested on February 3, 2008, and confined to the Knox County Jail.
 {¶ 7} On March 3, 2008, the trial court sentenced Appellant to an eleven month prison term on each count, to run concurrent with each other and concurrent with the sentence imposed in case number 06CR06-0078. Again, the trial court credited Appellant with 36 days jail credit and any future days served while awaiting transportation to an appropriate institution.
 {¶ 8} Appellant filed an appeal in both case number 06CR06-0078 and 07CR11-0178, and moved this Court to consolidate the appeals. Appellant now assigns as error in his consolidated appeal:
 {¶ 9} "THE TRIAL COURT COMMITTED PLAIN ERROR IN THE JAIL TIME COMPUTATION WHEN IT ERRONEOUSLY GAVE THE DEFENDANT ONLY THIRTY-SIX DAYS OF LOCAL JAIL TIME CREDIT AT SENTENCING."
 {¶ 10} R.C. Section 2967.191 governs the issue of jail time computation, and reads: *Page 4 
 {¶ 11} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 12} Appellant was incarcerated pursuant to his arrest in case number 06CR06-0078 on August 21, 2007, and remained incarcerated until November 9, 2007 when he entered his plea of guilty and was released on his own recognizance. Appellant was subsequently rearrested on February 3, 2008 and remained incarcerated until March 5, 2008, on which date the trial court imposed sentence, crediting Appellant with 36 days of jail time. Appellant argues the trial court erred in computing Appellant's jail time credit, and should have credited Appellant with 112 days served.
 {¶ 13} However, Appellant was incarcerated pursuant to a 90 day jail sentence on an unrelated municipal court criminal matter until November 17, 2007, on which date the trial court released Appellant on his own recognizance in case number 06CR06-0078. Applying R.C. 2967.191, we conclude Appellant was incarcerated from approximately August 21, 2007, until November 17, 2007, pursuant to a separate sentence imposed in an unrelated criminal proceeding not "arising out of the offense for which [Appellant] was convicted and sentenced" in this appeal. Accordingly, Appellant's *Page 5 
jail time credit in the within appeal did not commence until he was subsequently rearrested on February 3, 2008.
 {¶ 14} Therefore, the trial court did not commit plain error in calculating Appellant's jail time credit, and the assignment of error is overruled.
 {¶ 15} Appellant's sentence in the Knox County Court of Common Pleas is affirmed.
 Hoffman, P.J., Wise, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, Appellant's sentence in the Knox County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 7 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, Appellant's sentence in the Knox County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts is not necessary in our analysis and disposition of the within appeal. *Page 1